UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW G. SILVA,<br><br>        Plaintiff,<br><br>   vs.<br><br>CHRISTINE GREGOIRE, et al.,<br><br>        Defendants. | NO.  CV-10-5010-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |

BEFORE THE COURT is Plaintiff's Matthew G. Silva's Objections to the Report and Recommendation to deny his application to proceed *in forma pauperis* (Ct. Rec. 6). Plaintiff does not dispute the Magistrate Judge's finding he had more than three previous lawsuits in federal courts dismissed as "strikes" under 28 U.S.C. § 1915(g).  Rather, he seeks and exception to this bar to proceeding *in forma pauperis,* claiming he is presently under "imminent danger."

Contrary to Plaintiff's assertion in his Objection, the complaint failed to make a plausible allegation that Mr. Silva faced "imminent danger of serious physical injury" at the time of filing.  He stated he is presently housed at the Washington State Penitentiary (WSP).  He identified only two Defendants among the 27 Defendants listed in the caption of the complaint who work at the WSP.  He named an infection control nurse, Alan Bailey, as a Defendant, but described no recent events from which the court could

ORDER -- 1

plausibly infer Plaintiff is under "imminent danger of serious physical injury."[1]

Plaintiff admitted his Hepatitis C condition pre-dated his initial incarceration in 1999. He did not state when or how Defendants Sinclair and Bailey refused to diagnose or treat his Hepatitis C condition and symptoms, or even that they have the medical training to do so. Plaintiff's allegations were vague and unspecific. He did not state when he asked for assistance from medical providers at the WSP, what kind of treatment he requested, who he asked, or who denied it. Contrary to his assertion, he did not clearly state in his complaint that medical attention has actually been denied by doctors at the WSP.

Absent such allegations, and even viewing the *pro se* complaint liberally, the court could not determine that Plaintiff faced an imminent danger. Because of this and the need to ensure that the endangerment "exception [does not] swallow the rule," the court finds Mr. Silva's allegations are insufficient.

For the reasons set forth above and in the Report and Recommendation, **IT IS ORDERED** the Report and Recommendation (Ct. Rec. ) is **ADOPTED in its entirety** and Plaintiff's application to proceed *in forma pauperis* is **DENIED** pursuant to 28

---

[1] Plaintiff's complaint that Defendant Bailey failed to perform a liver biopsy from 1999 to 2001 is time-barred. A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991)(citations and internal quotations omitted). The statute of limitations runs separately from each overt act alleged to have caused injury under 42 U.S.C. § 1983. *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986). Injury and damage in a civil conspiracy action flow from the overt acts, not from the mere continuance of the conspiracy. *Id.* As such, a plaintiff alleging a continuing civil conspiracy may only recover for acts occurring within the relevant statue of limitations period. *Id.*

ORDER -- 2

U.S.C. § 1915(g).

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward a copy to Plaintiff. Plaintiff may submit the $350.00 filing fee within **TWENTY (20) DAYS** of the date of this Order. Failure to do so will be construed as his consent to dismissal of this action. The District Court Executive shall SET A CASE MANAGEMENT DEADLINE ACCORDINGLY.

**DATED** this   10th    day of March 2010.

*s/Lonny R. Suko*

LONNY R. SUKO
CHIEF U. S. DISTRICT JUDGE

ORDER -- 3